E-FILED
Monday, 20 May, 2013 03:54:35 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | |
|---|---|
| JOHN TIGER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 13-1006 |
| | ) |
| RICARDO RIOS, WARDEN | ) |
| | ) |
| Warden. | ) |

**ORDER**

The Petitioner, John Tiger, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 by a person in federal custody. For the following reasons, the Petition [1] is dismissed for lack of jurisdiction.

**Background**

The Petitioner, John Tiger ("Tiger"), is a federal inmate currently in custody at the Federal Correctional Institution in Pekin, Illinois. At issue in this case is his eligibility for the Bureau of Prisons' Residential Drug Abuse Program ("RDAP").

On March 5, 2009, Tiger was sentenced to two 48-month consecutive terms of imprisonment for using a communication facility in facilitation of a drug offense in the United States District Court for the Northern District of Illinois. His projected release date is November 25, 2015.

While serving this sentence, Tiger was placed on the waiting list for the RDAP. In July 2012, Tiger was advised that while he was eligible to participate in the RDAP, he would not be eligible for the sentence reduction because he had a prior conviction that was determined to be

equivalent to kidnapping.  He then declined to participate in RDAP and was removed from the waiting list.

Tiger filed a request for administrative remedy challenging the decision that he was ineligible for early release on the grounds that his prior conviction was not for kidnapping and did not constitute a crime of violence.  The request for administrative remedy was denied by the Warden on August 10, 2012.  Tiger appealed to the Regional Office, but his appeal was denied on August 24, 2012.  He also appealed to the Central Office.  Because no timely response was provided to that appeal, the Government concedes that his appeal can be deemed final.

On December 20, 2013, Tiger was placed back on the RDAP waiting list.  He has now brought the present petition, arguing that he was denied credit against his second sentence for time spent in presentence custody.  While the Petition should likely have been brought as a civil action under the Administrative Procedure Act, the end result is the same, and this Order follows.

## DISCUSSION

The Petitioner has exhausted his administrative remedies.  Venue is appropriate in the United States District Court for the Central District of Illinois because Petitioner is in custody at a Bureau of Prisons facility within this District. *See* 28 U.S.C. § 2241(a); *see also, Moore v. Olson*, 368 F.3d 757, 758-59 (7th Cir. 2004).

### Analysis

The Petitioner argues that the Bureau of Prisons must give him early release credit if he successfully completes the RDAP because he has not previously been convicted of a crime of violence.  RDAP is a nine-month residential treatment program that is offered to "each prisoner the Bureau determines has a treatable condition of substance addiction or abuse" and who has volunteered to participate.  18 U.S.C. § 3621(b).  Prisoners who were convicted of non-violent

offenses and who successfully complete this program are eligible for up to one year of reduction in their sentences. Whether or not an inmate is granted an early release following successful completion of the program is committed to the discretion of the BOP pursuant to § 3621(e). In its regulations implementing this program, the BOP denies early release to "[i]nmates who have a current felony conviction for . . . [a]n offense that has as an element, the actual, attempted, or threatened use of physical force against the person or property of another." 28 C.F.R. § 550.55(b)(5)(i). The rationale for these exclusions is that these crimes are inherently violent in nature and pose a particular danger to the public. 74 Fed.Reg. 1892, 1895, 2009 WL 76657.

Once an inmate has been determined to qualify for participation in RDAP, legal staff at the BOP's Designation and Sentence Computation Center review the inmate's offenses, as set forth in the inmate's Judgment and Commitment File, to categorize them. If an inmate has an offense that is determined to be a crime of violence, such as an offense under § 550.55(b) or BOP Policy PS 5162.05, the BOP may preclude the inmate from obtaining the early release under § 3261(e). Kidnapping is one such offense.

Although the Court has not found binding authority on this issue from the Seventh Circuit, other courts have held that individual decisions to deny early release under § 3621 are not reviewable, as they were specifically exempted from judicial review under the Administrative Procedure Act, 18 U.S.C. § 3625. *Reeb v. Thomas*, 636 F.3d 1224 (9th Cir. 2011); *Stanko v. Federal Bureau of Prisons*, 2011 WL 3236388, at *2 (S.D.Ind. 2011); *Davis v. Federal Bureau of Prisons*, 517 F.Supp.2d 460, 462 (D.D.C. 2007); *Moore v. Driver*, 2008 WL 4661478, at *3, (N.D.W.Va. 2008). "In short, 18 U.S.C. § 3621 provides that the BOP determines what prisoners are eligible to participate in the RDAP and 18 U.S.C. § 3625 precludes judicial review of that determination pursuant to the APA." *Stanko*, 2011 WL 3236388, at *2 (*citing Richmond v.*

*Scibana*, 387 F.3d 602, 605 (7th Cir. 2004); *Orr v. Hawk*, 156 F.3d 651, 655, n.1 (6th Cir. 1998); *Thye v. United States*, 109 F.3d 127, 130 (2nd Cir. 1997).  The Court finds this reasoning compelling.

Accordingly, as judicial review of the allegations of this petition is precluded, the Court lacks subject matter jurisdiction to consider Tiger's claim that the BOP has wrongfully determined his ineligibility for early release.  This action is therefore dismissed.

## Conclusion

The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [1] by a person in federal custody is DISMISSED.  This matter is now terminated.

Entered this 20th day of May, 2013.

s/ James E. Shadid<br>
James E. Shadid<br>
United States District Judge